IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-40-BO

MICHAEL BULLOCK as surviving spouse )
of PATRICIA BULLOCK, )
)
    Plaintiff, )
)
v. )    O R D E R
)
NANCY A. BERRYHILL, )
*Acting Commissioner of Social Security*, )
)
    Defendant. )

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 18, 2017, at Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Patricia Bullock[1] brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Claimant protectively filed for DIB on August 28, 2012, alleging disability since November 1, 2008.[2] After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who considered the claim *de novo*. The ALJ issued an unfavorable ruling, and the decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied claimant's request for review. Claimant then timely sought review of the Commissioner's decision in this Court. Patricia Bullock's surviving

---

[1] As Michael Bullock has been substituted as plaintiff in this matter, the Court refers to Patricia Bullock as claimant.
[2] The alleged onset date was later amended to February 7, 2011.

spouse, Michael Bullock, was substituted as plaintiff in this matter pursuant to Fed. R. Civ. P. 25(a) following Patricia Bullock's death on September 21, 2016.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that claimant met the insured status requirements and had not engaged in substantial gainful activity since the amended alleged onset date. Claimant's degenerative disc disease, fibromyalgia, obesity, recurrent arrhythmias, hyperlipidemia, depressive disorder, and anxiety disorder were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that claimant had the RFC to perform a reduced range of light work with both exertional and nonexertional limitations. The ALJ found that claimant could lift and carry up to twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours of an eight-hour day; and sit six hours of an eight-hour day. The ALJ found that claimant could not perform her past relevant work but that, considering claimant's age, education, and RFC, there were jobs that existed in significant numbers in the national economy which claimant could perform, including

3

merchandise marker, mail clerk, and garment inspector. Thus, the ALJ determined that claimant was not disabled from February 7, 2011, through December 22, 2014, the date of his decision.

The ALJ's decision in this instance is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

The ALJ improperly evaluated the effects of claimant's pain on her ability to perform work on a regular and continuing basis. Claimant underwent three cervical and one lumbar spinal surgeries, with three of those surgeries occurring in a two-year period beginning in 2011. Although the record evidence supports a conclusion that claimant improved following her first surgery in 2006, the same level of improvement is not documented following her subsequent surgeries. After her third cervical surgery and prior to her lumbar surgery, claimant continued to experience numbness and tingling in her arms and little or no reduction in pain. Tr. 527. Following her lumbar surgery, claimant experienced improvement in her radicular symptoms but no longer-term pain relief. Tr. 450, 642, 726. In September 2013, claimant's pain was noted to increase with activity, and pain provoking activities were found to be bending, sitting, standing, and lifting. Tr. 551. Her range of motion and extremity strength was reduced, and her pain symptoms were noted to be consistent with degeneration of her spine. Tr. 552. In November 2013, claimant was diagnosed with chronic pain syndrome. Tr. 661. In April 2014, claimant was diagnosed with "

spinal stenosis, lumbar region, with neurogenic claudication." Tr. 760. Neurogenic claudication associated with spinal stenosis can encompass "a worsening of lower extremity pain with long periods of standing and walking." *Clemons v. Astrue*, No. CIV.A. 2:08-00098, 2009 WL 6337986, at *6 (M.D. Tenn. July 21, 2009), *report and recommendation adopted,* No. CIV. 2:08-00098, 2010 WL 1406840 (M.D. Tenn. Apr. 6, 2010).

The ALJ found that claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible. Specifically as to her pain related to her spine and spinal surgeries, the ALJ found that claimant was repeatedly in no acute distress on exam, that she was usually neurovascularly intact and had normal strength and reflexes, and that she usually had negative straight leg testing, and thus any residual pain plaintiff might have from her surgeries and degenerative disc disease would not prevent her from working. Tr. 73-74. While this Court normally affords the ALJ's credibility determination great weight, *Shively v. Heckler,* 739 F.2d 987, 989 (4th Cir. 1984), it is simply not born out by the record here. While the ALJ has relied on intermittent evidence in the record which might support a conclusion that claimant's pain complaints are not credible, consideration of the entire record reveals significant objective findings of conditions which would cause pain and consistent complaints of pain by claimant to different providers over the years. Indeed, "[b]ecause pain is not readily susceptible of objective proof ... *the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative." Hines,* 453 F.3d at 564–65 (emphasis in original) (citation omitted).

Even affording claimant's statements regarding her limitations some weight results in a finding that she could not perform work on a regular and continuing basis. While claimant testified that she could not walk for more than ten minutes at a time, the vocational expert testified that if

5

claimant could not stand or walk at least two hours in an eight-hour day a finding of disabled would be required. Tr. 113. Such limitation is fully supported by the record and should be found to apply here.

## *Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The ALJ has explained his reasoning and there is no ambivalence in the medical record which would preclude this Court from review. The Court in its discretion finds that reversal for an award of benefits rather than remand is appropriate in this instance.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 17] is DENIED. The

decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this 5 day of June, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE